**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Scott N. Rogers

    v.                                      Civil No. 13-cv-322-LM
                                                  Opinion No. 2013 DNH 012

Richard Gerry, Warden,
New Hampshire State Prison[1]

**O R D E R**

Before the court is Scott N. Rogers's petition for writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, and the addenda thereto (doc. nos. 3-4 and 7). The matter is here for preliminary review to determine whether the claims raised are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.  In undertaking this

---

[1]Petitioner named the state as the respondent.  The proper respondent is New Hampshire State Prison warden Richard Gerry. See 28 U.S.C. § 2243.

review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)). The court undertakes this preliminary review with due consideration for the petitioner's pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Rogers was convicted of receiving stolen property, theft, and burglary in state court, for his involvement in the theft of new televisions from a hotel under construction. A search of Rogers's home, pursuant to a search warrant, yielded evidence regarding the thefts. In applying for that warrant, a police officer submitted an affidavit describing a one-party intercept phone conversation between Rogers and a confidential informant, in which they had discussed the thefts. The trial court denied Rogers's request for pretrial discovery of the recording of that phone conversation, and a jury convicted Rogers of the charged offenses. The New Hampshire Supreme Court affirmed the convictions, upon finding no abuse of discretion in the trial

court's decision not to release the phone recording. See <u>State v. Rogers</u>, No. 2010-0515 (N.H. June 11, 2013).

Claims

Rogers asserts the following claim for federal habeas relief in this action:

> The trial court's denial of Rogers's request for pretrial discovery of a recording of a phone conversation between Rogers and a confidential informant, deprived Rogers of a fundamentally fair trial, in violation of his right to due process under the Fourteenth Amendment, because the recording could have yielded exculpatory and impeachment evidence, and could have shown that the police officer lied about the contents of the recording in applying for a search warrant of Rogers's home.

In addition to asserting that claim for federal habeas relief, Rogers has provided this court with a list of seven additional alleged violations of his federal due process rights in connection with his state criminal trial, specifically: (1) the trial judge's failure to recuse; (2) the allegedly unauthorized "wiretapping" of Rogers's phone; (3) the Manchester Police Department's alleged lack of a "true warrant"; (4) Attorney Michael Zaino's alleged lack of diligence in allowing a police dispatch recording requested by Rogers to be destroyed; (5) the Hillsborough County Attorney's Office's statement that Rogers had been convicted of thirty-three felonies, as to which Rogers requested proof; (6) Bedford Police Officer Michael Griswold allegedly fabricating a police report; and (7)

nonspecific assertions regarding the judge who signed the search and arrest warrants.  As to each of those claimed violations of Rogers's rights, Rogers seeks a jury trial and damages.

Damages and a jury trial are not available, however, in federal habeas proceedings.  In light of Rogers's summary listing of those issues, and demands for a jury trial and damages, this court concludes that Rogers recited those facts for purposes of supporting his claim concerning the phone conversation recording, and did not intend to assert those issues as separate claims for federal habeas relief in this § 2254 petition.  If petitioner disagrees with this construction of the petition, he may move to amend the petition to add new claims, and to supplement the record with documents from the state courts showing that he has exhausted his state remedies on each such claim he seeks to add to this case.

## Discussion

To be eligible for habeas relief, a petitioner must show that he is in custody, see 28 U.S.C. § 2254(a), and that he has exhausted the remedies available to him in the state courts on his federal claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  The documents filed by Rogers demonstrate that he has exhausted his state court remedies as to the federal due

4

process claim, set forth above, challenging the trial court's decision not to allow pretrial discovery of the recording of the phone conversation between Rogers and the confidential informant, in violation of Rogers's Fourteenth Amendment due process rights.  As no other federal claims are deemed to be asserted in the petition, the petition may be served.

## Conclusion

The petition, as construed herein, may proceed against Richard Gerry, the New Hampshire State Prison warden.  The clerk's office is ordered to serve the respondent as provided in the Agreement on Acceptance of Service.  The clerk's office shall serve the New Hampshire Office of the Attorney General electronic copies of the petition (doc. no. 1), including the addenda thereto (doc. nos. 3-4 and 7), and this order.

The respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 23, 2014

cc: Scott Rogers, pro se
LBM:nmd

5