**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Scott N. Rogers</u>

    v.                                      Civil No. 13-cv-322-LM
                                              Opinion No. 2014 DNH 108
<u>Richard Gerry, Warden,</u>
<u>New Hampshire State Prison</u>


**<u>O R D E R</u>**


    Before the court in this petition, filed pursuant to 28 U.S.C. § 2254, are petitioner Scott N. Rogers's motions for a hearing (doc. no. 17) and for appointment of counsel (doc. no. 18).  Respondent has not specifically objected to either motion, but has moved for summary judgment (doc. no. 22) asserting, among other things, that no hearing on the petition is necessary.


I.   <u>Motion for Hearing</u>

    A "habeas judge, before granting an evidentiary hearing, 'must [first] consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" Teti v. Bender, 507 F.3d 50, 62 (1st Cir. 2007).  Section 2254(e)(2) further provides that if a petitioner moves for an evidentiary hearing to develop the factual basis for a claim, the federal court must deny the request unless the petitioner

shows that the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(ii), and that the "facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense," id. § 2254(e)(2)(B).

Rogers seeks a hearing concerning his due process claim challenging the denial of Rogers's pretrial discovery request to obtain the recording of a phone conversation between him and Christopher Leavitt that Bedford Police Department Officer Griswold used in obtaining a search warrant of Rogers's apartment.  That search recovered new televisions that had been stolen from a hotel in Bedford, while it was under construction. Rogers asserts that a hearing in this court would show that Bedford Police Officer Griswold lied in the search warrant application by misrepresenting Leavitt's statements to incriminate Rogers more than they actually did.

Rogers called Leavitt as a witness at trial, and the court specifically allowed Rogers to ask Leavitt what he had said to the police regarding the televisions.  See Doc. No. 22-7, at 126-27.  Leavitt testified that he remembered being asked by the police to call Rogers because the police thought Rogers was into "dirty stuff," but Leavitt further testified that he could not

remember what was said in the phone call between Leavitt and Rogers.  Id. at 129-30.

Griswold testified at trial that he had obtained a warrant to search Rogers's apartment, with information obtained from Griswold's own surveillance of the hotel construction site after the theft, and "other information."  Id. at 97.  Rogers was allowed to cross-examine the officer, but did not ask Griswold any questions about the search warrant application, or about the "other information" on which it was based.

Rogers has failed to show at this time that an evidentiary hearing is warranted on the § 2254 petition, in that Rogers has not shown that he exercised due diligence in the trial court, and he has not shown that a hearing could yield facts supporting a claim meeting the standard set forth in § 2254(e)(2)(B). Rogers's motion for a hearing (doc. no. 17) is therefore denied without prejudice to refiling if Rogers is able to make the required showing at a later stage of this matter.

II.  Motion for Appointment of Counsel

"'[T]here is no constitutional right to representation by counsel in habeas corpus proceedings,' and [the Criminal Justice Act, 18 U.S.C.] § 3006A(a)(2) only requires appointment of counsel for a financially eligible person if 'the interests of justice so require.'"  United States v. Yousef, 395 F.3d 76, 77

(2d Cir. 2005) (per curiam) (citation omitted); cf. DesRosiers
v. Moran, 949 F.2d 15, 24 (1st Cir. 1991) (district court has
discretion to deny motion to appoint counsel filed by indigent
litigant unless counsel's appointment is necessary to avoid
fundamental unfairness).  Rule 8(c) of the Rules Governing
Section 2254 Cases in the United States District Courts does not
require counsel's appointment, unless the court has found that
an evidentiary hearing is warranted.

Rogers has asserted in Document No. 18 that he needs a
lawyer because he cannot understand the legal terms and forms
used in this action.  Rogers's situation, however, presents no
exceptional circumstance warranting an appointment of counsel,
and no hearing has been scheduled on the petition.  Having
reviewed all relevant information in the record, the court
concludes that at this time, the interests of justice do not
require the appointment of counsel for Rogers.  Accordingly, the
motion to appoint counsel (doc. no. 18) is denied without
prejudice to refiling if a hearing is scheduled in this matter,
or if other exceptional circumstances arise warranting counsel's
appointment.

III. State Court Record

The record before this court lacks certain documents that
relate to Rogers's claims and that are part of the state court

4

record.  Those documents include the transcript of a November 10, 2009, motions hearing in Rogers's criminal case, relating to Rogers's pretrial discovery requests.  This court also lacks an unredacted copy of the appendix filed by Rogers in the New Hampshire Supreme Court in his direct appeal.  The respondent is directed to file: a transcript of the November 10, 2009, motions hearing; and an unredacted copy of the appendix filed in Rogers's direct appeal.  The respondent may file the unredacted copy of the appendix under provisional seal, along with a motion to seal, stating the information required by LR 83.12.[1]

### Conclusion

For the foregoing reasons, the court directs as follows:

1.   The motions for a hearing (doc. no. 17) and for appointment of counsel (doc. no. 18) are both denied without prejudice.

2.   Respondent, within 60 days of the date of this order, is directed to file:

- a transcript of the November 10, 2009, motions hearing in Rogers's criminal case; and

---

[1]A motion to seal must "explain the basis for sealing, specify the proposed duration of the sealing order, and designate whether the material is to be sealed at Level I or Level II."  LR 83.12(c).  A Level I seal allows any attorney appearing in the case to review the sealed document without a court order, and a Level II seal requires any person other than the person who filed the sealed document to obtain leave of court before reviewing the document.  See LR 83.12(b).

- an unredacted copy of the appendix to Rogers's direct appeal of his criminal conviction, along with a motion to seal, stating the information required by LR 83.12.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 19, 2014

cc:  Scott Rogers, pro se
     Elizabeth C. Woodcock, Esq.

LBM:nmd

6