UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott N. Rogers

    v.                                                Civil No. 13-cv-322-LM

Richard Gerry, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court is respondent's motion for summary judgment (doc. no. 22) on the 28 U.S.C. § 2254 petition filed by Scott Rogers. Rogers objects to that motion. See Doc. Nos. 23, 27, and 32. The motion is before the undersigned magistrate judge for a report and recommendation pursuant to LR 72.1. For the reasons stated below, this court recommends that the district judge grant the motion for summary judgment (doc. no. 22), deny the § 2254 petition, and decline to issue a certificate of appealability.

**Background**

Rogers is serving a prison sentence pursuant to convictions for burglary, theft by unauthorized taking, and receiving stolen property, relating to his involvement in the March 2008 burglary of a hotel under construction in Bedford, New Hampshire, and the theft of new televisions from that hotel. Rogers's involvement in the burglary and theft came to the attention of the Bedford

Police Department ("BPD") when the New Hampshire Attorney General's Drug Task Force turned over a one-party intercept of a telephone conversation between Rogers and a confidential informant ("CI"), in which the television theft was discussed. Based on that information, and BPD surveillance of the hotel job site, the BPD obtained a search warrant for Rogers's apartment. The search yielded three of the stolen televisions.

Rogers moved to represent himself at trial without the assistance of any lawyer. The trial court granted Rogers's request and appointed stand-by counsel to assist him.

Prior to trial, Rogers filed several discovery motions pro se, including a request for access to a recording of the one-party intercept phone call that had been cited in the BPD's search warrant application. The state objected to that discovery request, invoking New Hampshire Rule of Evidence 509 to shield the contents of the recording. Rule 509 grants the state the privilege to refuse to disclose "the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law." The trial court denied Rogers's request for the recording.

At trial, the state presented evidence that Rogers and Michael Grenon, a carpenter working on the hotel job site, drove to the construction site using Rogers's Jeep, and used Grenon's key to enter the building after hours to take new televisions,

which they brought back to Rogers's apartment in Rogers's Jeep. BPD Officer Griswold testified that the BPD obtained a warrant to search Rogers's apartment, and that the search yielded three stolen televisions, one which was set up on a stand for viewing, and two in their boxes in a closet.  Officer Griswold also testified that Rogers initially denied knowing anything about the theft, but when confronted with the fact that three stolen televisions were found in his apartment, Rogers told Griswold that the BPD "had him for receiving and not for burglary."  Doc. No. 22-7, at 99 (Tr. of Trial at 99, State v. Rogers, Nos. 08-S-1492, -1493, -1494 (N.H. Super. Ct., Hillsborough Cnty., N. Div. Mar. 23, 2010)).

Rogers, who did not testify on his own behalf, called several witnesses, including the person he knew was the CI who had spoken to him in the one-party intercept call.  The CI testified that he remembered the police asking him to call Rogers because they thought Rogers was into "dirty stuff."  See id. at 130.  He further testified that he remembered Rogers telling him that Rogers would "minus" the money the CI owed to Rogers if the CI helped Rogers steal the TVs.  See id.  When asked to describe what was said in the call that the officers asked the CI to make, the CI testified he could not remember. Id. at 129-30.

The jury convicted Rogers on all charges.  Rogers, who had

3

a lengthy criminal record, received two concurrent sentences of ten to thirty years, and one consecutive sentence of ten to thirty years.

Rogers appealed the convictions to the New Hampshire Supreme Court ("NHSC"). That court affirmed, specifically rejecting Rogers's arguments challenging the trial court's denial of his request for access to a recording of the one-party intercept call. See State v. Rogers, No. 2010-0515 (N.H. June 11, 2013). Rogers has asserted an analogous claim in the § 2254 petition, a due process claim challenging the denial of Rogers's discovery request to obtain the recording of the one-party intercept phone conversation between himself and the CI, which the state court ruled was privileged under N.H. R. Evid. 509.[1]

## Discussion

I.  Habeas Standard of Review

In a federal habeas action, relief is not available as to any claim adjudicated on the merits in state court, unless the state court's legal conclusions or application of legal

---

[1] In objecting to respondent's motion for summary judgment, Rogers further argues that his sentence is disproportionate to the crimes and otherwise improper. Without expressing an opinion on the merits of Rogers's sentencing claim, which does not appear to have been exhausted in the state courts, this court notes that in the sentencing hearing, the state court cited Rogers's lengthy criminal record and recidivism as reasons for imposing a substantial sentence with consecutive and concurrent components.

standards to settled facts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Robidoux v. O'Brien, 643 F.3d 334, 338 (1st Cir. 2011). If the issue is one of fact, the habeas court must "apply a presumption of correctness to the [state] court's factual findings and also examine whether there has been an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." John v. Russo, 561 F.3d 88, 92 (1st Cir. 2009); see also 28 U.S.C. § 2254(d)(2). The petitioner bears the burden of rebutting the presumption of correctness of state court factual findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

II. Due Process Claim

Respondent moves for summary judgment on Rogers's due process claim, which challenges the state court's denial of his motion for access to the recording of the one-party intercept call between Rogers and the CI. The trial court based its ruling on N.H. R. Evid. 509 (codifying informant's privilege), reasoning that the evidentiary privilege attached to the recording had not been waived, and that Rogers had not demonstrated why the CI's testimony would be relevant in helping him prepare a defense. See State v. Rogers, No. 2010-0515 (N.H.

5

June 11, 2013) (discussing trial court ruling). The NHSC affirmed the conviction, concluding that the trial court had not abused its discretion in applying the state law evidentiary privilege to the recording of the phone call.

This court's review of the NHSC ruling is deferential, insofar as, in addressing Rogers's claims through the lens of a state evidentiary privilege, that court implicitly ruled that the denial of access to the recording did not interfere with Rogers's due process right to present a defense. See State v. Rogers, No. 2010-0515, slip op. at 2 (N.H. June 11, 2013) (noting that in applying N.H. R. Evid. 509, state courts employ balancing test established in Roviaro v. United States, 353 U.S. 53 (1957), which requires courts to balance "'the public interest in protecting the flow of information [relating to the CI's identity] against the individual's right to prepare his defense,'" considering relevant factors such as "'the crime charged, the possible defenses, [and] the possible significance of the informer's testimony'" (quoting id. at 62)); United States v. Vargas, 931 F.2d 112, 116 (1st Cir. 1991) ("Roviaro balancing test operates to preserve due process" (citation omitted)).

Rogers has argued here and in the state courts that, as a matter of fundamental fairness, he needed access to the recording to show that BPD Officer Griswold misrepresented and

6

omitted facts relating to the CI's statements in the warrant application. Rogers, however, never moved to suppress evidence derived from that search, nor sought a hearing to challenge the truthfulness of Griswold's statements before trial, and the NHSC found Rogers's arguments about Griswold's misrepresentations to be speculative. The NHSC finding in that regard is reasonable in light of the record before that court, and is therefore entitled to the presumption of correctness in this court.

The Supreme Court has found that a criminal defendant's challenge to a facially valid warrant, based on alleged misrepresentations in the warrant affidavit, "must be more than conclusory" and must show that affiant's deliberately false statements affected the finding of probable cause. Franks v. Delaware, 438 U.S. 154, 171 (1978). Deferring to the NHSC's finding regarding the speculative nature of Rogers's arguments about Griswold's affidavit, and in light of Rogers's failure to move to suppress evidence from the search, this court finds no inconsistency between the NHSC decision and relevant Supreme Court precedent. Cf. United States v. Raddatz, 447 U.S. 667, 679 (1980) ("the Due Process Clause . . . has never been held to require the disclosure of an informant's identity at a suppression hearing" (citing McCray v. Illinois, 386 U.S. 300 (1967))).

Rogers further argued in the state courts and in this court

7

that the recording was exculpatory, as it would have shown: that Rogers denied entering the hotel when he discussed the thefts with the CI, that Rogers denied asking the CI to do a burglary with him, and that Rogers's involvement in the thefts was limited. In reviewing the trial court's application of the Roviaro balancing test, the NHSC necessarily considered whether the recording's contents were relevant and helpful to Rogers's defense, and whether the public interest in the free flow of information outweighed Rogers's asserted need for that information. The NHSC specifically ruled that even if the recording contained the statements Rogers alleged, the trial court properly applied the Roviaro balancing test. The NHSC had before it that the CI was not a witness to or a participant in the crime; Rogers knew who the CI was and had been a witness to the call in question; and the State did not call the CI to testify or otherwise seek to offer evidence regarding the call at trial. Nothing in the NHSC's ruling is inconsistent with, or an unreasonable application of, Supreme Court precedent relating to the informant's privilege and/or the state's duty to turn over material, exculpatory evidence. Cf., e.g. Cone v. Bell, 556 U.S. 449, 469-70 (2009) (discussing Brady v. Maryland, 373 U.S. 83 (1963)).

As the NHSC ruling is consistent with the state court record and is neither contrary to nor contains an unreasonable

application of Supreme Court precedent relating to the issues presented in the instant petition, relief is not available to petitioner under § 2254. Accordingly the district judge should grant respondent's motion for summary judgment (doc. no. 22), and deny the habeas petition.

III. Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." § 2254 Rule 11(a). The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rogers has failed to make such a showing. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

**Conclusion**

For the foregoing reasons, the district judge should grant respondent's motion for summary judgment (doc. no. 22), deny the § 2254 petition, and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district

court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 4, 2014

cc: Scott Rogers, pro se
    Elizabeth C. Woodcock, Esq.