**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Scott N. Rogers

    v.                                        Civil No. 13-cv-322-LM
                                            Opinion No. 2015 DNH 054
Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the court are three post-judgment motions (doc. nos. 45-47) filed by Scott Rogers.  Through these motions, Rogers seeks reconsideration of the December 4, 2014, Judgment (doc. no. 44) and underlying December 4, 2014, Order (doc. no. 43), which: granted the warden's motion for summary judgment on Rogers's petition filed pursuant to 28 U.S.C. § 2254, denied the relief requested in that § 2254 petition, declined to issue a certificate of appealability, and closed this case.  Rogers also seeks appointment of counsel.  See Doc. No. 46.

I.  Reconsideration

Rogers's initial post-judgment motion (doc. no. 45), filed after entry of judgment and written in the form of an open letter to respondent's counsel, asks respondent's counsel and the court to listen to a recording of a one-party intercept call between Rogers and a confidential informant known to Rogers, to reconsider whether to oppose or deny Rogers's petition for a

writ of habeas corpus, and to reduce the length of Rogers's
sentence.  The second motion to reconsider (doc. no. 46)
requests, in pertinent part, reconsideration of the December 4,
2014, Order (doc. no. 43), granting summary judgment on his
§ 2254 claim regarding the one-party intercept call, and denying
the certificate of appealability.  The third motion asks this
court to order the state to provide Rogers with a recording of
the one-party intercept call, which Rogers states he would use
to challenge the truth of statements made by a police officer in
an affidavit used to obtain a search warrant.

    To the extent Rogers requests reconsideration from the
court and alteration of the judgment through those motions, the
relief requested is denied.  Nothing asserted in the post-
judgment motions satisfies the criteria for reconsidering,
altering, or amending a judgment under Federal Rule of Civil
Procedure 59 or 60(b), and Rogers has not demonstrated that the
order underlying that judgment was based on any error of law or
fact.

    Moreover, Rogers has had an ample opportunity to litigate
issues relating to the one-party intercept call, and to make the
"substantial showing of the denial of a constitutional right,"
28 U.S.C. § 2253(c)(2), needed to obtain a certificate of
appealability.  Rogers's objection to the summary judgment
motion and his response to the magistrate judge's November 4,

2014, Report and Recommendation asserted that the court should listen to the phone recording.  After giving due consideration to Rogers's arguments in those filings, this court denied Rogers's requested relief, and determined that Rogers had not made the showings necessary to obtain either a hearing, or a certificate of appealability.

With respect to Rogers's claims regarding the length of his sentence, footnote 1 of the Magistrate Judge's November 4, 2014, Report and Recommendation (doc. no. 39), at p.4, notes that Rogers raised a similar argument about his sentence in his objection to the motion for summary judgment.  Without expressing any opinion on the merits of that issue, which had not previously been listed by Rogers as a separate claim in the § 2254 petition, see Jan. 23, 2014, Order (doc. nos. 11 and 11-1) (listing claims), the Magistrate Judge noted that the issue did not appear to have been exhausted, and that Rogers's lengthy criminal record and recidivism had been cited by the state court as reasons for the sentence.  Rogers, who had an opportunity to object to the Report and Recommendation, has not pointed to any record evidence contradicting the Magistrate Judge's observations.

Nothing asserted in Rogers's motions (doc. nos. 45-47) warrants reconsideration of this court's December 4, 2014, Order (doc. no. 43), approving that Report and Recommendation, or any

basis for reopening the Judgment (doc. no 44).  Accordingly, the
court denies each of Rogers's post-judgment motions (doc. nos.
45-47), to the extent that they seek such reconsideration.


II.   Appointment of Counsel

        Rogers's second post-judgment motion (doc. no. 46) seeks
appointment of counsel.  An indigent petitioner is not generally
entitled to representation by counsel with respect to a § 2254
petition, unless an evidentiary hearing has been scheduled, or
the interests of justice otherwise require such an appointment.
See 18 U.S.C. § 3006A(a)(2)(B); United States v. Yousef, 395
F.3d 76, 77 (2d Cir. 2005) (per curiam).  This court previously
denied, without prejudice, Rogers's initial request for court-
appointed counsel in this case, because he had not shown at that
time that the interests of justice warranted an appointment, and
no evidentiary hearing had been scheduled.  See May 19, 2014,
Order (doc. no. 24).

        Rogers's filings in this case, while not models of clear
and concise writing, have been fully comprehensible.  At this
stage of the case, the interests of justice do not favor an
appointment of counsel, as the clerk has entered judgment in
this case, no grounds for reopening the judgment and
reconsidering the underlying order have been shown, and the
court has denied a certificate of appealability.  Accordingly,

the court denies Rogers's renewed request for court-appointed counsel, set forth in Document No. 46.

## Conclusion

For the foregoing reasons, the court denies the relief requested in Rogers's post-judgment motions (doc. nos. 45-47).

_____
Landya B. McCafferty
United States District Judge

March 17, 2015

cc:  Scott Rogers, pro se
     Elizabeth C. Woodcock, Esq.